IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RACHEL A.,<br><br>     Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case #4:22-cv-00076-PK<br><br>Magistrate Judge Paul Kohler |

  This matter comes before the Court on Plaintiff Rachel A.'s appeal from the decision of the Social Security Administration denying her application for disability insurance benefits and supplemental security income.[1] The Court affirms the administrative ruling.

## I.  STANDARD OF REVIEW

  This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 16.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A.     PROCEDURAL HISTORY

On May 19, 2020, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on June 30, 2016.[8] Plaintiff sought benefits based on post-traumatic stress disorder ("PTSD"), attention deficit disorder ("ADD"), anxiety, stress disorder, congestive heart failure, allergies, and brain damage.[9] The claim was denied initially and on reconsideration.[10] Plaintiff then requested a hearing before an ALJ,[11] which was held on February 8, 2022.[12] On March 4, 2022, the ALJ found that Plaintiff was not disabled.[13] The Appeals Council denied review on August 15, 2022,[14] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[15]

---

[5] *Richardson*, 402 U.S. at 390.
[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[8] R. at 236–52.
[9] *Id.* at 285.
[10] *Id.* at 90–93.
[11] *Id.* at 161–64.
[12] *Id.* at 31–50.
[13] *Id.* at 13–30.
[14] *Id.* at 1–7.
[15] 20 C.F.R. §§ 416.1481, 422.210(a).

On October 6, 2022, Plaintiff filed her complaint in this case.[16] On October 26, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[17] The Commissioner filed an answer and the administrative record on December 12, 2022.[18]

Plaintiff filed her Opening Brief on December 30, 2022.[19] The Commissioner's Answer Brief was filed on March 27, 2023.[20] Plaintiff filed her Reply Brief on April 14, 2023.[21]

B.  MEDICAL EVIDENCE

In 2016, Plaintiff presented to the emergency room after suffering a fall.[22] Cervical spine imaging showed severe degeneration at C5-C7 with some bilateral bony neural foramen narrowing.[23] Right shoulder imaging showed severe degeneration of the acromioclavicular joint.[24] Thoracic spine imaging revealed moderate degenerative disc disease and mild thoracic scoliosis.[25]

---

[16] Docket No. 6.
[17] Docket No. 12.
[18] Docket Nos. 13–15.
[19] Docket No. 16.
[20] Docket No. 22.
[21] Docket No. 23.
[22] R. at 373.
[23] *Id.* at 375.
[24] *Id.* at 377.
[25] *Id.* at 378.

In June 2018, an x-ray showed hypoplastic ribs, multilevel degenerative listhesis, multiple level moderate degenerative disc disease, and multilevel facet joint disease.[26] Degenerative osseous changes were noted in the bilateral sacroiliac joints, high hip joint, and symphysis pubic.[27]

In July 2019, Plaintiff fell while walking her dog and she was seen in the emergency room.[28] She was diagnosed with a rib contusion.[29] A chest x-ray showed minimal anterior disc space degeneration in the mid-thoracic spine and upper lumbar spine.[30] There was also straightening of the normal thoracolumbar spine curvature and moderate disc space narrowing in the upper lumbar spine.[31] However, no pain was noted with palpitation of the spinous process and paraspinous muscles.[32]

During the relevant period, Plaintiff was treated for type II diabetes mellitus, asthma, hypertension, shoulder pain, and balance issues.[33] She was also treated for anemia and an overactive bladder.[34] Sleep apnea testing conducted in 2022 showed severe obstructive sleep apnea.[35] Plaintiff has also complained of arthralgia and back pain.[36]

---

[26] *Id.* at 407.
[27] *Id.*
[28] *Id.* at 416.
[29] *Id.* at 417.
[30] *Id.* at 420.
[31] *Id.*
[32] *Id.* at 417.
[33] *Id.* at 441, 445, 448, 451, 453, 467, 470, 481, 485, 487, 489, 492, 498.
[34] *Id.* at 612–60.
[35] *Id.* at 726–29.
[36] *Id.* at 668.

In addition to her physical ailments, Plaintiff received treatment for mental impairments. Plaintiff has been diagnosed with PTSD.[37] It was noted that her symptoms of stress, anxiety, and depression were possibly related to her complex history of trauma.[38] Plaintiff received mental health treatment from 2019 through 2022.[39] An evaluation in 2021 showed Plaintiff's intelligence was in the low average to average range.[40] Her intellectual assessment scores were "consistent with someone who has experienced traumatic brain injuries."[41] Plaintiff's treating provider opined that, due to her mental impairments, Plaintiff would be markedly limited in her ability to use reason and judgment to make work-related decisions and respond to requests, suggestions, criticism, correction, and challenges.[42]

C.    HEARING TESTIMONY

Before the ALJ, Plaintiff testified that she lived with her sister, had a driver's license, and was able to drive herself.[43] She stated that she had trouble with her memory and suffered from PTSD.[44] She also stated that her physical impairments made it difficult to lift, stand, or walk for long periods.[45] In contrast, Plaintiff testified that she was able to prepare meals, do the dishes,

---

[37] *Id.* at 390.
[38] *Id.*
[39] *Id.* at 686–725.
[40] *Id.* at 589.
[41] *Id.* at 591.
[42] *Id.* at 730–31.
[43] *Id.* at 36–37.
[44] *Id.* at 39.
[45] *Id.* at 39–40.

perform household chores, help with laundry, go grocery shopping, attend church, go out to restaurants, and walk her dog.[46]

D.    THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 30, 2016, the alleged onset date.[47] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depression, anxiety, PTSD, and a neurocognitive disorder.[48] The ALJ found no physical impairments.[49] At step three, the ALJ found that Plaintiff did not meet or equal a listed impairment.[50] At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work.[51] At step five, the ALJ found that there were jobs that exist in significant numbers that Plaintiff could perform and, therefore, she was not disabled.[52]

### III. DISCUSSION

Plaintiff raises two issues in her brief: (1) whether the ALJ erred by failing to assign any limitations for Plaintiff's physical ailments; and (2) whether the ALJ erred in her evaluation of the medical opinion evidence.

---

[46] *Id.* at 41–42.
[47] *Id.* at 18.
[48] *Id.* at 19.
[49] *Id.*
[50] *Id.* at 19–20.
[51] *Id.* at 23–24.
[52] *Id.* at 24–25.

A.     PHYSICAL LIMITATIONS

At step two of the sequential evaluation, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment. An impairment is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."[53] A claimant must make only a de minimis showing for his claim to advance beyond step two of the analysis.[54] However, "a showing of the mere presence of a condition is not sufficient."[55] Thus, "if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, . . . the impairments do not prevent the claimant from engaging in substantial gainful activity."[56] That is, "[i]f the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits."[57]

As noted, the ALJ concluded that Plaintiff had no physical limitations and, therefore, could perform a full range of work at all exertional levels.[58] In reaching this conclusion, the ALJ relied largely on a physical examination of Plaintiff conducted by Julie Wilcken, PA-C, on June 30, 2021.[59] Ms. Wilcken noted full range of motion and full strength in all areas. She also noted

---

[53] 20 C.F.R. §§ 404.1520(c), 416.920(c).
[54] *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).
[55] *Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008).
[56] *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).
[57] *Id.*
[58] R. at 19–20.
[59] *Id.* at 578–83.

normal gait without the use of an assistive device. In addition, Plaintiff had no difficulty getting on and off the exam table or getting up from a chair. Ms. Wilcken further reported that Plaintiff stated, "she doesn't have any physical limitations at this point."[60] Based upon her examination, Ms. Wilcken concluded that "[n]o objective evidence [was] found to support recommending any limitations."[61]

Plaintiff argues that the ALJ erred in not assigning any physical limitations. In support, Plaintiff points to imaging showing degenerative changes to her spine and various joints.[62] She also relies on her history of receiving treatment for various physical ailments. Plaintiff also points to her own statements wherein she expressed a limited ability to lift, stand, and walk.[63]

The Court finds that the ALJ's assessment of Plaintiff's physical impairments is supported by substantial evidence. Plaintiff is correct that the record contains imagining showing degenerative changes to her spine and joints. However, there is no evidence that these degenerative changes significantly limit Plaintiff's ability to do basic work activities. Indeed, the most recent examination findings showed normal range of motion, full strength, and normal gait. The examiner concluded that there was no objective evidence supporting any physical limitations. Plaintiff's treatment notes and other records from the relevant period are largely normal.[64] As for Plaintiff's subjective complaints, the ALJ concluded that they were not consistent with Plaintiff's activities of daily living and her own admission that she did not have

---

[60] *Id.* at 583.

[61] *Id.*

[62] *Id.* at 375, 377, 378, 407, 420, 513, 544.

[63] *Id.* at 39–40, 312.

[64] *Id.* at 361, 417, 603.

any physical limitations. This conclusion is well supported. For example, Plaintiff testified that she could prepare meals, shop, go to restaurants, attend church, and walk her dogs.[65] And the record contains multiple statements from Plaintiff that her impairments are largely mental, not physical.[66] Plaintiff's arguments essentially ask the Court to reweigh the evidence, which it cannot do. Therefore, the Court finds that the ALJ applied the correct legal standard and her decision on this point is supported by substantial evidence.

B.  MEDICAL OPINION EVIDENCE

Plaintiff next argues that the ALJ erred in evaluating the medical opinion evidence. For applications filed on or after March 27, 2017, an ALJ is not required to defer to or give any specific weight to medical opinions or prior administrative medical findings.[67] Rather, the ALJ considers them using the criteria in 20 C.F.R. § 404.1520c(c): (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding.[68] The most important criteria for determining persuasiveness are the supportability and consistency.[69]

The ALJ must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record."[70] The ALJ must explain how they considered the supportability and consistency factors for a medical source's medical

---

[65] *Id.* at 41–42; *see also id.* at 587.
[66] *Id.* at 283, 583, 692.
[67] 20 C.F.R. § 404.1520c(a).
[68] *Id.* § 404.1520c(c).
[69] *Id.* § 404.1520c(a), (b)(2).
[70] *Id.* § 404.1520c(b).

opinions or prior administrative medical findings, but they are generally not required to explain how they considered other factors.[71] Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[72] "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[73]

Plaintiff broadly complains that the ALJ failed to account for medical opinion evidence that Plaintiff was limited to low stress work. However, Plaintiff does little to address the reasons provided by the ALJ in finding certain medical opinion evidence unpersuasive. The ALJ discussed all the medical opinion evidence and articulated the reasons she found that evidence either persuasive or unpersuasive. Specifically, the ALJ concluded that some providers' opinions that Plaintiff suffered from severe mental limitations were inconsistent with Plaintiff's stated ability to shop in stores, handle finances, cook, perform household chores, go to restaurants, and attend church. These activities stand in contrast to the opinion evidence suggesting additional mental limitations. While Plaintiff is correct that there is opinion evidence supporting additional mental limitations, "[t]he possibility of drawing two inconsistent conclusions from the evidence

---

[71] *Id.* § 404.1520c(b)(2).

[72] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

[73] *Id.*; *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

does not prevent an administrative agency's findings from being supported by substantial evidence."[74]

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court affirms the Commissioner's decision.

DATED this 25th day of April, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[74] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).